UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index #: 1:22-cv-3026
YOUNGCHUL KO,

                                                                        **VERIFIED**
                           **Plaintiff,**              **COMPLAINT**

       - against -

                                                                    **Plaintiffs demand a jury**

THE UNITED STATES OF AMERICA,

                              **Defendant.**
-------------------------------------------------------------------X

      Plaintiffs, by his attorneys, SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C. as and for her Verified Complaint, respectfully alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

**FIRST**: That jurisdiction is based upon the Federal Tort Claims Act, 28 U.S.C. Sections 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671-78, and 2680.

**SECOND:** That the instant action seeks damages for personal injuries against the UNITED STATES OF AMERICA proximately caused by the negligence of the United States Postal Service in the ownership, operation, maintenance and control of its vehicle

**THIRD:** That this plaintiff has complied with the conditions precedent set forth in the Federal Tort Claims Act, 28 U.S.C. Sections 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671-78, 2680.

**FOURTH:** That on or about the 23rd day of December, 2020, the plaintiff duly filed an SF-95 Notice of Claim with the United States Postal Service by certified mail and first class mail.

**FIFTH:** That this action is being commenced after the expiration of the six month period for adjudication of plaintiff's claim by the defendant.

**SIXTH:** That at all times hereinafter mentioned, the plaintiff was a resident of the County of Queens and State of New York.

**SEVENTH**: Upon information and belief, and at all times hereinafter mentioned, the UNITED STATES OF AMERICA, was the titled owner of a certain motor vehicle bearing plate number 4870389 for the State of New York for the year 2019.

**EIGHTH:** Upon information and belief, and at all times hereinafter mentioned, the UNITED STATES OF AMERICA, was the registered owner of a certain motor vehicle bearing plate number 4870389 for the State of New York for the year 2019.

**NINTH:** Upon information and belief, and at all times hereinafter mentioned, the UNITED STATES OF AMERICA, was the lessee of a certain motor vehicle bearing plate number 4870389 for the State of New York for the year 2019.

**TENTH:** Upon information and belief, and at all times hereinafter mentioned, Edwin Velez was the operator of the aforesaid motor vehicle.

**ELEVENTH**: Upon information and belief, and at all times hereinafter mentioned, Edwin Velez, was the operator of the aforesaid motor vehicle in the course of his employment for the UNITED STATES OF AMERICA.

**TWELFTH:** Upon information and belief, and at all times hereinafter mentioned, Edwin Velez, was the operator of the aforesaid motor vehicle with the permission and consent of the UNITED STATES OF AMERICA.

**THIRTEENTH**: Upon information and belief, and at all times hereinafter mentioned, the UNITED STATES OF AMERICA, its agents, servants, and/or employees, maintained the aforesaid motor vehicle.

**FOURTEENTH:** Upon information and belief, and at all times hereinafter mentioned, the UNITED STATES OF AMERICA, its agents, servants and/or employees, controlled the aforesaid motor vehicle.

**FIFTEENTH:** That at all the times hereinafter mentioned, 495I Long Island Expressway at or near Junction Boulevard, County of Queens and State of New York were and still are public streets and roadways.

**SIXTEENTH:** That on the 30th day of September, 2019, the plaintiff was lawfully and properly operating a motor vehicle bearing plate number T712060C for the State of New York for the year 2019.

**SEVENTEENTH:** That at the above time and place, the motor vehicle of the Defendant UNITED STATES OF AMERICA came in contact with the motor vehicle of the plaintiff.

**EIGHTEENTH:** That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

**NINETEENTH:** That the said occurrence and serious injuries sustained by this plaintiff were occasioned through the negligence of the defendant, in causing and permitting its motor vehicle to be operated in a negligent and dangerous manner; in failing and omitting to have its motor vehicle under reasonable and proper control; in carelessly and negligently causing and permitting its motor vehicle to be operated over and along a public highway at a high and/or excessive rate of speed and/or a greater rate of speed than care and caution would permit under the circumstances then and there existing; in failing to be properly alert; in failing to keep a proper lookout and to see what was there to be seen; in failing to make proper, prompt, and efficient use of adequate brakes and steering mechanisms; in failing to obey traffic signs and signals at the

intersection; in failing to properly maintain and equip its motor vehicle; in causing, permitting, and allowing its motor vehicle to strike and collide with the motor vehicle in which the plaintiff was seated; in failing to take those steps necessary to avoid the accident herein; in failing to slow down and/or stop at the intersection; in failing to observe the conditions of traffic then and there prevailing; in operating its motor vehicle without regard to the traffic then present on the said thoroughfare; in failing to bring its motor vehicle to a proper stop so as to avoid contact with the plaintiff's motor vehicle, and in failing to slow down the vehicle in order to take cognizance of other vehicles at or near the intersection prior to entering into the intersection.

**TWENTIETH:** That by reason of the premises aforesaid, the plaintiff was rendered sick, sore, lame and disabled, and his injuries, upon information and belief, are of a permanent nature, that by reason thereof, he has been prevented from following his usual vocation and he has been obliged to incur expense and obligations for medical care, attention, and treatment, and he is informed and verily believes that he will in the future be obliged to incur further expense and obligations for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow his current vocation, all to his damage in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

**TWENTY-FIRST**: That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTIETH" herein as though set forth herein at length.

**TWENTY-SECOND:** That as a result of the aforesaid accident, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New

York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

**TWENTY-THIRD**: To the extent that the expenses incurred and other consequential losses suffered by plaintiff are not covered by the No-Fault Insurance benefits, defendant shall be liable to plaintiff to the full extent thereof, for a sum within the jurisdictional limits of this Court.

**WHEREFORE,** the plaintiff demands judgment against the defendant above named on the first cause of action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, and on the second cause of action in a sum within the jurisdiction of this court, all together with the costs and disbursements of this action.

Dated: Garden City, New York
May 19, 2022

Yours, etc.,

SANDERS, SANDERS, BLOCK, WOYCIK,
VIENER & GROSSMAN, P. C.

BARBARA E. MANES, ESQ.
Attorneys for Plaintiff
**YOUNGCHUL KO**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-5252
**FILE #:** SSBW-AUTO-ACC-65810